UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEAHA WHITE, | Case No. 2:23-cv-2000-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| ALLIED COLLECTION SERVICES INC, | |
| Defendant. | |

Pending before the Court is Plaintiff's *in forma pauperis* application and Complaint. ECF Nos. 2, 2-2.

**I.     *IN FORMA PAUPERIS* APPLICATION**

Plaintiff, a non-inmate, filed a complete application to proceed *in forma pauperis*. Because Plaintiff submitted the declaration required by 28 U.S.C. 1915(a) showing an inability to prepay fees or costs or give security for them, the Court grants her request to proceed *in forma pauperis*.

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citation omitted).

In considering whether the complaint is sufficient to state a claim, "all well-pleaded allegations of material fact are taken as true and construed in the light most favorable" to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III. DISCUSSION

Plaintiff brings a claim for actual damages and statutory damages under the Federal Debt Collection Practices Act ("FDCPA"). ECF No. 2-2 at 3. The FDCPA was created to protect consumers from unfair and deceptive debt practices. 15 U.S.C. § 1692. To state a claim for violation of the FDCPA, "there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); *see also* 15 U.S.C. § 1692a(3), (6). If Plaintiff wishes to pursue this claim, she must allege sufficient facts to support all three requirements.

A "consumer" under the FDCPA is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The FDCPA is limited to debts arising out of transactions "primarily for personal, family, or household purposes." *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995). Plaintiff claims she allegedly owes a balance on a collection account for a debt incurred "primarily for personal, family, or household purchases." ECF No. 2-2 at 2. Plaintiff attaches an exhibit to her Complaint showing the alleged debt is related to damages, unpaid utilities, and filing fee for eviction from a leased apartment, which are debts covered under the FDCPA. ECF No. 2-2 at 7. *Medialdea v. L. Off. of Evan L. Loeffler PLLC*, Case No. C09-55RSL, 2009 WL 3246799, at *4 (W.D. Wash. Oct. 2, 2009) (unpaid utilities); *Moonflower v. Columbia Recovery Grp., LLC*, Case No. C17-5326 BHS, 2019 WL 461122, at *2 (W.D. Wash. Feb. 6, 2019) (apartment damage

charges); *Williams v. Columbia Debt Recovery, LLC*, 579 F. Supp. 3d 1203, 1209 (W.D. Wash. 2022) (legal fees).  Therefore, Plaintiff sufficiently alleges she is a consumer under the FDCPA.

A "debt collector" under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Everyone agrees that the term ['debt collector'] embraces the repo man—someone hired by a creditor to collect an outstanding debt." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017).  Plaintiff asserts Defendant is "a debt collector who regularly collects or attempts to collect debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumers' debts alleged to be due to another." ECF No. 2-2 at 2.  Plaintiff's Complaint clearly alleges that Defendant is a third-party debt collection company within the parameters of the definition of "debt collector" under the FDCPA.  Plaintiff sufficiently alleges Defendant is a debt collector under the FDCPA.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  This includes "[t]he false representation of … the character, amount, or legal status of any debt; or … any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).  Plaintiff alleges Defendant represented that collection fees were owed when they actually were not, thus violating 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(2).  ECF No. 2-2 at 2-3.  Further, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Such prohibited conduct includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  "[T]he FDCPA prohibits the collection of any fee, including collection costs, unless there is a law or an agreement that allows for such fees."  *Boatley v. Diem Corp.*, Case No. CIV. 03-0762-PHX-SMM, 2004 WL 5315892, at *5 (D. Ariz. Mar. 24, 2004).  Plaintiff alleges Defendant added collection fees not authorized by the original agreement or permitted by law, thus violating 15 U.S.C. § 1692f. ECF No. 2-2 at 2-3.  Plaintiff includes exhibits that on their face appear

to support these claims. *Id.* at 4-7. Therefore, Plaintiff sufficiently pleads the third factor necessary for a claim of violation of the FDCPA.

## IV.    ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of $405.00. Plaintiff is permitted to maintain this action to conclusion without the necessary prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Complaint may proceed. The Clerk of Court will detach and electronically file Plaintiff's Complaint (ECF No. 2-2), issue a Summons for Defendant, and deliver a copy of Plaintiff's Complaint, this Order, and the Summons to the U.S. Marshal for service.

IT IS FURTHER ORDERED that the Clerk of Court will mail Plaintiff one USM-285 form, together with a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff must complete the USM-285 form for Defendant and return the same to the Clerk's Office within **twenty-one** (**21) days**. Plaintiff must provide an address within the State of Nevada for service, which may be found on the Nevada Secretary of State's website as all entities doing business in the State of Nevada must have a resident agent upon whom service of process may be made.

IT IS FURTHER ORDERED that the U.S. Marshal must attempt to effect service of this Order, Plaintiff's Complaint, and the Summons on Defendant no later than **twenty-one (21)** days after receipt of the completed USM-285 form.

IT IS FURTHER ORDERED that no later than **fourteen (14) days** after Plaintiff receives a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or

whether some other manner of service should be attempted.  Under Federal Rule of Civil Procedure 4(m), service must be accomplished within 90 days from the date this Order is entered.

IT IS FURTHER ORDERED that from this point forward, Plaintiff will serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff will include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or Defendant's counsel.  The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

DATED this 12th day of December, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE